UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANGELINA M. ROGERS,
ETHELEEN ROGERS
and TAZZALEEN ROGERS,

          Plaintiffs,

  v.

Case No. 23-cv-254-pp

ROBERTO CARLOS GUZMAN,
PETER GENE HERNANDEZ
HERBERT ROGERS WILLIAMS,
CHLOE BAILEY, DARRYL GRANBERRY,
and HALLE BAILEY,

          Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE**

---

     On February 23, 2023, a complaint was filed with the clerk's office for the federal district court in the Eastern District of Wisconsin.[1] Dkt. No. 1. The complaint is signed by Angelina Rogers, <u>id.</u> at 5; listed in the caption on the first page are three plaintiffs: Angelina M. Rogers, Etheleen Rogers and Tazaleen Rogers. <u>Id.</u> at 1. Despite three plaintiffs being listed in the caption, the body of the complaint is written in the first person singular ("My constitutional

---

[1] The author of the complaint wrote a case number on the first page of the complaint (despite instructions on the form that the case number was to be supplied by the clerk); the case number is 21CM00301, a format used by Wisconsin *state* courts for naming misdemeanor criminal cases. Dkt. No. 1 at 1.

right was violated . . . ," ". . . there's several times I reported . . . ," "I'm constantly being harassed . . . ."). Id. at 2-3. On page 3, the complaint states, "This is why I report on behalf of victims." Id. at 3.

The caption of the complaint lists three defendants: Robert Carlos Guzman, Peter Gene Hernandez[2] and Herbert Rogers Williams. Id. at 1. The complaint alleges that defendant Roberto C. Guzman helped rape women or girls for defendant Peter Gene Hernandez. Id. at 2. It alleges that "he"—apparently referencing Roberto C. Guzman—"was a part of the Ku Klux Klan he was racially discriminating black females." Id. The complaint alleges that defendant Peter Gene Hernandez "couldn't get the best of [her] reputation." Id. at 3. The complaint says that its author "verbally spoken for all 4 cases in court against Hernandez." Id. It states that Hernandez is the author's "relative" and that he wants to communicate with the author. Id. Otherwise, the complaint generally references "the defendants" or "he," without clarifying which of the defendants is being referenced. The body of the complaint does not mention defendant Herbert Rogers Williams specifically.

The body of the complaint alleges that sexism influenced the behavior of discriminatory acts of "[t]he defendants that are mentioned." Id. at 2. The author says that "[m]y constitutional right was violated under bill of rights,"

---

[2] Peter Gene Hernandez is the given name of pop singer Bruno Mars. https://www.britannica.com/biography/Bruno-Mars. On December 15, 2022, Angelina M. Rogers filed a lawsuit in this court against Hernandez/Mars, making similar allegations to those contained in this case. Rogers v. Hernandez, Case No. 22-cv-1557-pp (E.D. Wis.). The court dismissed that case for failure to state a claim on April 25, 2023. Id. at Dkt. Nos. 10, 11.

2

and that the "first amendment and manipulating black women for Human trafficking." Id. The complaint alleges that "he"—possibly defendant Roberto C. Guzman—was racially discriminating "black females" even though it was "mostly Hispanics that harmed black/African Americans." Id. at 2-3. The complaint indicates that its author is "constantly being harassed and mimicked for people . . . that committed sex crimes for the past couple of years," and says that this was "disbelief of religious purposes." Id. at 3. The author of the complaint indicates that she is "currently in the room where [she] was first assaulted," and indicates that because "he is a part of the "KKK," the author proceeds with caution. Id. The complaint states that it is "forbidden to be in association of a Klansmen," that it "doesn't matter of race" and that this is why the author "report on behalf of victims." Id.

In the "RELIEF WANTED" section of the complaint, the author states, "Expectation of the court winning my lawsuit." Id. at 4. The author states that she would like to see imprisonment "for committing these crimes." Id. The author says that the defendants "need to stop abusing black women specifically," and that one defendant "needs to stop using witchcraft to control human trafficking." Id. The author asserts that Hernandez did not want her to become the Virgin Mary, and states that the author has "ended the war between the Ukranians & Russians." Id. The author also indicates that there are other things the author has "ended when [she] appeared on a numerous of occasions." Id.

3

The clerk of court docketed a separate "cover letter" with the complaint. The cover letter consists of three handwritten pages, in which the plaintiff states that she needs to "file the complaint against "Chloe Bailey, Darryl Granberry, Peter Gene Hernandez and Halle Bailey." Dkt. No. 1-1 at 1. She asserts that she was sexually assaulted by Chloe Bailey, that "people's eggs were used for money," and believes her egg "was used to impregnate Cardi B." Id.

## I. Plaintiff's Ability to Pay the Filing Fee

Angelina Rogers is the only person who signed the complaint, so the court assumes that she is the plaintiff. To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether she can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). Along with the complaint, Angelina M. Rogers filed a non-prisoner request to proceed in district court without prepaying the filing fee. Dkt. No. 2. The request indicates that the plaintiff is employed, is not married and has no dependents. Id. at 1. It indicates that the plaintiff works for Nordstrom Company, Wauwatosa, Wisconsin making $48,000 a month; although the first page indicates that the plaintiff is not married, the second page states that her spouse's wages are $1,300 per month. Id. at 2. The request indicates that the plaintiff pays $1,500 in rent and has other household expenses of $1,300. Id. The request states that the plaintiff does not own a home, have a checking, savings or similar account or own any other

4

property of value. Id. at 3-4. In "other circumstances" section of the request, the plaintiff wrote:

> They'll know my financial circumstances because of identity theft. The use of relatives names to use them for money. That's manipulation under human trafficking. I'm under financial deficit for paying rent in current residence.

Id. at 4. The plaintiff signed the request under penalty of perjury on February 19, 2023. Id.

The plaintiff's statement that she has income of $48,000 per month demonstrates that she can pay the $402 civil filing fee. (Even if the plaintiff meant to write that she had income of $4,800 per month, her report that she pays $1,500 a month in rent and has another $1,300 per month in expenses would result in a positive cash flow of $2,000 per month.) The court will deny the plaintiff's motion to proceed without prepaying the filing fee.[3]

**II. Screening**

Even if the court had found that the plaintiff did not have the ability to pay the filing fee, the court would dismiss the case. The court must review a complaint filed by a litigant who is representing herself[4] to determine whether

---

[3] Even if the court had granted the plaintiff's motion to proceed without prepaying the filing fee, the plaintiff still would have been responsible for paying that fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original).

[4] No lawyer's name appears in the complaint or on the docket; the plaintiff appears to be representing herself, as she did in the two other cases she filed in this court.

her claims are legally "frivolous or malicious," fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id.

The plaintiff has alleged that the defendants committed crimes, including state crimes such as rape and the federal crime of human trafficking. Private citizens, however, cannot prosecute criminal offenses; "private parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government." Maine v. Taylor, 488 U.S. 131, 137 (1986). A victim of a crime should report that fact to the district attorney's office (for state criminal offenses) or the U.S. Attorney's Office (for federal criminal offenses), or to law enforcement officials.

The plaintiff alleges that her constitutional rights were violated—she mentions the First Amendment, discrimination based on gender and racial discrimination. But the Constitution protects citizens from *government* violations of their constitutional rights. Under 42 U.S.C. §1983, citizens may sue *state* government actors who violate their civil rights under color of *state*

6

law. Under Bivens v. Six Unkonwn Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999), citizens may sue *federal* actors who violate their civil rights under color of *federal* law. The plaintiff has not alleged that any of the three defendants she named in the caption of the complaint are state or federal government actors.

An individual has the right to represent herself in federal court but she cannot represent others; "an individual may appear in the federal courts only *pro se* or through counsel." Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986).

Most important, the plaintiff has not alleged facts that would allow the court to determine whether she can state any claims of violations of federal law. She has provided no dates for any of the events she mentions. She has not explained where the events took place. While she makes generalized allegations against some of the defendants—that Guzman, for example, helped rape women for Hernandez—she does not explain what she means by "helped," nor does she allege that *she* was a victim of this "help," nor does she explain how this fact impacts her. For a plaintiff to be able to sue for violations of federal law in federal court, the plaintiff must allege a specific "injury in fact" that the plaintiff suffered, and it must show that the injury to the plaintiff was "concrete and particularized." Spokeo, Inc. v. Robins, 578 U.S. 330, 334 (2016). The plaintiff has not alleged her own race or gender (although the court assumes that she is female). She has not alleged how any of the alleged discrimination or other acts she describes caused her concrete and particularized injuries.

Most of her allegations do not indicate who committed the acts she mentions. Aside from the other deficiencies the court has identified, the complaint fails to state a claim for which a federal court may grant relief.

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3d. 768, 783 (7th Cir. 2015)). Given the deficiencies the court has identified, the court cannot conclude that the plaintiff could remedy those deficiencies by amending the complaint.

The court **DENIES** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** because the plaintiff has failed to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of April, 2023.

                **BY THE COURT:**

                _____
                **HON. PAMELA PEPPER**
                **Chief United States District Judge**